IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY M. OWENS, | ) | Case No. 23-11004 |
| | ) | Chapter 7 |
| Debtor, | ) | |
| | ) | |
| Darcy D. Williamson, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 24-05004 |
| | ) | |
| U.S. Bank Trust National Association, | ) | |
| as Trustee of the Igloo Series V Trust; | ) | |
| Timothy M. Owens; and Delphine A. | ) | |
| Reyes a/k/a Owens, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES V TRUST**

Defendant U.S. Bank National Association, as Trustee of the Igloo Series V Trust ("U.S. Bank"), hereby states as follows for its answer and affirmative defenses to the complaint (Doc. 1) filed by Trustee Darcy D. Williamson ("Plaintiff").

1. In response to paragraph 1 of Plaintiff's complaint, U.S. Bank admits to the Court's jurisdiction over this matter.

2. In response to paragraph 2 of Plaintiff's complaint, U.S. Bank admits that this matter, as presently pleaded, is a "core" proceeding.

3. In response to paragraph 3 of Plaintiff's complaint, U.S. Bank admits that venue is proper in this Court.

4. U.S. Bank admits the allegations in paragraph 4 of Plaintiff's complaint.

1

5. U.S. Bank lacks sufficient knowledge to admit or deny the allegations in paragraph 5 of Plaintiff's complaint and therefore denies the same.

6. In response to paragraph 6 of Plaintiff's complaint, U.S. Bank admits that Debtor Timothy M. Owens ("Owens") filed his petition for bankruptcy in the instant case on October 11, 2023.

## Parties / Background

7. U.S. Bank admits that Plaintiff is the trustee in the underlying bankruptcy case in this matter. U.S. Bank lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 7 of Plaintiff's complaint and therefore denies the same.

8. The allegations in paragraph 8 of Plaintiff's complaint are legal conclusions for which no admission or denial is required. To that extent that a further response is required, these legal conclusions are denied.

9. The allegations in paragraph 9 of Plaintiff's complaint are legal conclusions for which no admission or denial is required. To that extent that a further response is required, these legal conclusions are denied.

10. In response to paragraph 10 of Plaintiff's complaint, U.S. Bank admits that Defendant Timothy Owens is the debtor in the underlying bankruptcy case. U.S. Bank lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 10 of Plaintiff's complaint and therefore denies the same.

11. U.S. Bank lacks sufficient knowledge to admit or deny the allegations in paragraph 11 of Plaintiff's complaint and therefore denies the same.

12. In response to paragraph 12 of Plaintiff's complaint, U.S. Bank admits that Owens executed a promissory note in favor of Countrywide Home Loans, Inc., that is dated August 7,

2003.  The promissory note is a written document that speaks for itself, and U.S. Bank denies any description or characterization of the terms of the note that is not reflected in the written instrument.  U.S. Bank further admits that the promissory note is secured by a mortgage, also dated August 7, 2003, and filed for record on or about August 13, 2003, and granted and signed by Owens and by Defendant Delphine Reyes ("Reyes").  The mortgage is a written document that speaks for itself, and U.S. Bank denies any description or characterization of the terms of the mortgage that is not reflected in the written mortgage.

13. In response to paragraph 13 of Plaintiff's complaint, U.S. Bank admits that the property subject to the above-referenced mortgage includes improvements and fixtures and structures; however, U.S. Bank lacks sufficient knowledge to admit or deny whether any of the improvements and fixtures and structures is a "manufactured home," and therefore denies that allegation of paragraph 13.  Further, whether property is a "manufactured home" is a legal conclusion for which no admission or denial is required, and to the extent that a further response is required, that legal conclusion is denied.  U.S. Bank denies any allegations in paragraph 13 of Plaintiff's complaint that U.S. Bank does not expressly admit.

14. In response to paragraph 14 of Plaintiff's complaint, U.S. Bank admits that it holds the above-referenced mortgage.

## Count I – Avoidance

15. The allegations in paragraph 15 of Plaintiff's complaint are legal conclusions for which no admission or denial is required.  To the extent that a further response is required, these allegations are denied.  U.S. Bank denies that any aspect of its lien is not perfected.

16. U.S. Bank denies the allegations in paragraph 16 of Plaintiff's complaint.

3

## Count II – Determine Rights

17. U.S. Bank lacks sufficient knowledge to admit or deny the allegations in paragraph 17 of Plaintiff's complaint and therefore denies the same.

18. In response to paragraph 18 of Plaintiff's complaint, U.S. Bank admits that the mortgage in question creates a valid lien in the real estate and fixtures at 123 Lakeview Drive, Newton, Kansas. U.S. Bank denies that any aspect of its lien is unperfected and specifically contends that it has a perfected lien on the purported "manufactured home" referenced in Plaintiff's complaint.

19. In response to paragraph 19 of Plaintiff's complaint, U.S. Bank denies that any aspect of its lien is subject to avoidance; however, U.S. Bank agrees that if Plaintiff proves that some aspect of U.S. Bank's lien should be avoided, the Trustee must also prove the value or amount of the avoided lien relative to the value or amount of the un-avoided lien.

20. U.S. Bank denies any allegations in Plaintiff's complaint that it does not expressly admit.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's complaint fails to the extent that Plaintiff cannot prove that the alleged "manufactured home" referenced in the complaint is a "manufactured home" within the meaning of the Kansas Manufactured Housing Act ("KMHA").

3. Even assuming that a portion of the structure at 123 Lakeview Drive, Newton, Kansas, was, at one point, a "manufactured home," Plaintiff's complaint fails because, on information and belief, the structure is (and for many years has been) affixed to the real property,

with a basement, permanent foundation, deck, porch, carport, and other characteristics that bely Plaintiff's effort to treat the structure as a "manufactured home" under the KMHA.

4. Plaintiff's complaint fails to the extent that Plaintiff cannot prove that the alleged "manufactured home" referenced in the complaint is covered by a Kansas certificate of title so as to be governed by the KMHA.

5. Plaintiff's complaint fails to the extent that any certificate of title for the alleged "manufactured home" referenced in the complaint has been eliminated in accordance with the KMHA.

6. Plaintiff's complaint fails to the extent that there was substantial compliance with requirements under the KMHA to eliminate any alleged certificate of title for the alleged "manufactured home" referenced in the complaint.

7. Plaintiff's complaint fails because the parties to the transactions referenced in the complaint intended for the mortgage to encumber the alleged "manufactured home" referenced in the complaint. For example, the pertinent mortgage encumbers 123 Lakeview Drive, Newton, Kansas, "TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property."

8. Plaintiff's complaint fails to the extent that the alleged "manufactured home" referenced in the complaint was already a fixture or improvement of the real property at the time that Owens and Reyes entered into the mortgage at issue.

9. Plaintiff's complaint fails to the extent that U.S. Bank and/or its predecessors in interest were not on notice or did not know that the residence at 123 Lakeview Drive, Newton, Kansas, consisted of a "manufactured home." As noted, and on information and belief, the structure is affixed to the real property, has a permanent foundation and basement, deck, porch,

5

carport, and other characteristics that indicate that the structure is a permanent improvement and fixture to the real property.

10. Plaintiff's complaint fails because the parties to the transactions referenced in the complaint substantially complied with any applicable requirements to perfect a lien in the alleged "manufactured home" referenced in the complaint.

11. Plaintiff's complaint fails because it would be inequitable to avoid the lien in the alleged "manufactured home" referenced in the complaint.

12. Plaintiff's complaint fails because third parties were on notice of U.S. Bank's lien in the alleged "manufactured home" referenced in the complaint.

13. Plaintiff's complaint fails because the alleged "manufactured home" referenced in the complaint is a fixture and/or should otherwise be considered part of the real property in the context of U.S. Bank's lien on the property at 123 Lakeview Drive, Newton, Kansas.

14. To the extent that the Court finds that any aspect of U.S. Bank's lien is subject to avoidance (which U.S. Bank denies), Plaintiff must also prove the value of the avoided lien versus the value of the un-avoided lien. In particular, Plaintiff does not contest that U.S. Bank has a perfected lien on the real estate and "non-manufactured home" fixtures at 123 Lakeview Drive, Newton, Kansas; so the value or amount of any avoided lien would be limited to the value of a 30-year-old alleged "manufactured home," severed from its foundation, basement, carport, deck, porch, other fixtures, and from the surrounding real property.

15. U.S. Bank specifically reserves the right to assert any legal defense, affirmative or otherwise, to this action as may become apparent through further investigation or discovery.

**WHEREFORE**, having fully answered and pleaded affirmatives defenses, U.S. Bank prays that the Court dismiss with prejudice Plaintiff's complaint (Doc. 1), which has no basis in

6

fact or law, and award U.S. Bank its costs and reasonable attorney's fees expended in connection with this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**LEWIS RICE LLC**

By:/s/ Michael P. Gaughan
Michael P. Gaughan, #70120
Lewis Rice LLC
10484 Marty Street
Overland Park, Kansas 66212
mgaughan@lewisricekc.com
T: 913-648-6333
F: 913-642-8742
*Attorney for Defendant U.S. Bank Trust National Association, as Trustee of the Igloo Series V Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16 , 2024, I electronically filed the foregoing with the Clerk of the Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing and service to all counsel of record.

/s/ Michael P. Gaughan
Attorney for U.S. Bank